IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JANEY THOMAS,                           :
      Plaintiff,                      :
                                            :    CIVIL ACTION FILE
v.                                      :
                                            :    NO. _5:14-CV-276-CAR_____
NATIONAL BUREAU COLLECTION             :
CORP.,                                  :
                                        :
      Defendant.                      :
                                        :

## COMPLAINT FOR DAMAGES

1.    This is an action for damages against Defendant for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and a supplemental state law claim under the Georgia Fair Business Practices Act ("GFBPA").

## SUBJECT MATTER JURISDICTION

2.    Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 1337 (federal question jurisdiction).

3.     This court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law claims as they are so related to Plaintiff's federal question claim that they form part of the same case or controversy.

## PARTIES AND PERSONAL JURISDICTION

4.     Plaintiff is a resident of Eatonton, Georgia (Putnam County) and she is authorized by law to bring this action in the Macon Division of this Court.

5.     Defendant NATIONAL BUREAU COLLECTION CORP. is a for profit business corporation organized under the laws of the State of New York. [Hereinafter, said Defendant is referred to as "NBCC."]

6.     NBCC transacts business in this District.

7.     NBCC's transactions in this District give rise to Plaintiff's causes of action.

8.     NBCC is in the business of collecting past due debts owed by alleged consumer debtors throughout the United States, including the State of Georgia.

9.     In the course of its business, NBCC directed letters to Plaintiff's home address in Putnam County, Georgia.

10.    NBCC's letters to her home address give rise to Plaintiff's claims.

11.   NBCC is subject to the jurisdiction and venue of this Court.

12.   NBCC  may be served by personal service upon its Chief Executive Officer at the Principal Executive Office listed with the New York Secretary of State, to wit: Bruce Reitman, 150 White Plaints Road, 1st Floor, Tarrytown, New York, 10591, or wherever said officer may be found.

13.   In the alternative, NBCC may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the several states.

14.   Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS COMMON TO ALL CAUSES

15.   Defendant uses telephone communications in its business.

16.   Defendant uses the mails in its business.

17.   The principle purpose of defendant's business is the collection of debts.

18.   Defendants regularly collect or attempt to collect debts owed or due, or asserted to be owed or due, another.

- 3 -

19.   In the one year period proceeding the filing of this action, NBCC engaged
      in a collection campaign directed at Plaintiff in Putnam County, Georgia in
      an attempt to collect an alleged unpaid balance for an online instruction.

20.   The alleged debt arose from a disputed online child care development class
      for which Plaintiff accidentally may have signed up for but did not attend in
      or around August or September of 2013.

21.   Plaintiff was unaware of this alleged debt until October of 2014, when she
      received a dunning call from a collector from a website purportedly owned
      by a generic unincorporated entity named Traning, Learning and Consulting
      (hereinafter "TLC").

22.   The agent claimed that Plaintiff signed up for their class and that she owed
      them  $945.00.

23.   Plaintiff promptly disputed this debt and subsequently sent a cancellation
      request advising of the mistake.

24.   Significantly, Plaintiff had never paid a registration fee to register for this
      class and had only clicked on the application to get information and because
      it was the only place on the website to get price information.

25.   Plaintiff never received any calls, emails or letters from this online class
      prior to their dunning call.

26.   Other than the collection agent who had no authority to adjust the mistake,
      plaintiff was unable to meaningfully interact and engage with anyone in
      person because TLC has a written policy of only accepting email
      cancellation requests.

27.   Plaintiff never received a response to her request from the online entity, but
      in mid November of 2013, Plaintiff received an initial collection letter from
      NBCC which was dated November 15, 2013.

28.   NBCC's November 15, 2013 letter contains a notice that "**[i]f you notify
      this office in writing within 30 days after receiving this notice, this
      office will obtain verification of the debt or obtain a copy of the
      judgment and mail you a copy of such judgment or verification.**" (Bold
      Emphasis added).

29.   The notice provision in the proceeding paragraph does not adequately
      advise Plaintiff of her rights to dispute the debt under the FDCPA,
      specifically it omits the word "**dispute**" and does not place the statutory
      language in the context of a consumer dispute as required by law.

- 5 -

30.  Upon receipt this letter, Plaintiff called NBCC on November 22, 2013 and verbally disputed the debt.

31.  Despite the inadequate notice on consumer's dispute rights under section g of the FDPCA which were contained in NBCC's first letter, on or about November 25, 2013, Plaintiff sent a two page letter to NBCC disputing the debt.

32.  Plaintiff's November 25, 2013 letter states in relevant part that "[I] have not received anything from this company except a demand for payment, and feel that I do not owe this money.  I would appreciate your attention to this matter.  I absolutely dispute the validity of this debt that I am being forced to pay."

33.  NBCC failed to provide verification in response to this written dispute as required by law and instead sent a second dunning letter to Plaintiff which was dated December 23, 2013.

34.  NBCC sent a third dunning letter which was dated January 31, 2014 prior to responding to the Plaintiff's November 25, 2013 written dispute letter.

35.  As of this date, NBCC has still not provided verification in response to her timely dispute letter and as required by law.

36.   All three of NBCC's dunning letters identify the creditor as "Training Learning and Consulting."

37.   The letters do not meaningfully or effectively identify the true name of the alleged creditor.

38.   NBCC's letters also contain an undisclosed collection fee of $25.00 which was added to the balance.

39.   The amount of the collection fee is not addressed in TLC's agreement.

40.   There is no percentage stated for the collection fee in TLC's agreement.

41.   The collection fee which NBCC sought to collect is not permitted by Georgia law.

42.   The Georgia Court of Appeals has held that "no Georgia court has ever approved the recovery of nonlegal or administrative expenses as the 'costs of collection.'"  Long v. Hogan, 289 Ga. App. 347, 656 S.E.2d 868 (2008).

43.   The communications by Defendant were intended to cause emotional distress, worry, concern, and anxiety so as to coerce Plaintiff into paying a disputed debt.

44.   The acts of Defendant have in fact caused Plaintiff to experience emotional distress, anxiety, worry, and concern.

45. The communications by Defendant were consistent in their illegal content under one or more state or federal laws.

46. The communications by Defendan were the result of intentional planning.

47. Defendants violated the Federal Fair Debt Collection Practices Act.

48. Defendant violated Georgia's Fair Business Practices Act.

49. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

50. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

51. Defendants' violations of the FDCPA include, but are not limited to, the following:

52.      Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person, in violation of 15 U.S.C. § 1692d;

53.     The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

54.     The false representation of the character, amount or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A);

55.     The use of unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f;;

56.     The collection of or attempt to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is permitted by law, in violation of 15 U.S.C. § 1692f(1).

57.     The failure to provide the true name of the creditor in the initial written communication in violation of 15 U.S.C. § 1692g(a)(2);

58.     The failure to provide an accurate statement of plaintiff's rights to dispute the debt and receive verification, in violation of 15 U.S.C. § 1692g(a)(4); and

59.     The failure to provide verification after a written request and to cease communications in the interim, in violation of 15 U.S.C. § 1692g(b).

60.     As a result of said Defendant's actions, Plaintiff is entitled to an award of 1) actual damages, including general damages for worry, concern, anxiety and emotional distress, 2) statutory damages, as well as 3) an award of costs and attorney fees.

## COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

61.     Defendants' actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

62.     As a result of Defendant's actions, Plaintiff is entitled to an award of 1) actual damages, including general damages for embarrassment, worry, concern, anxiety and emotional distress, 2) treble damages, 3) exemplary damages, as well as 4) an award of costs and attorney fees.

- 10 -

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

A.   Actual damages,

B.   Statutory damages,

C.   Treble damages,

D.   Exemplary damages,

E.   Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3) and O.C.G.A. § 10-1-399; and

F.   Such other or further relief as the Court deems proper.

Respectfully submitted,

SKAAR & FEAGLE, LLP

by:    /s/ James M. Feagle
       James M. Feagle
       Georgia Bar No. 256916
       jfeagle@skaarandfeagle.com
       108 East Ponce de Leon Avenue
       Suite 204
       Decatur, GA 30030
       404 / 373-1970
       404 / 601-1855 fax

- 11 -

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax

**HURT STOLZ, P.C.**

by:      _s/  James W. Hurt, Jr._
James W. Hurt, Jr.
Georgia Bar No.  380104
345 West Hancock Avenue
Athens, Georgia 30601
(706) 395-2750
Facsimile:  (866) 766-9245
jhurt@hurtstolz.com

ATTORNEYS FOR PLAINTIFF